JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Curry James Norquay (Norquay) appeals from the judgment of *114 conviction and sentencing order of the Eighth Judicial District Court, Cascade County, for aggravated burglary, a felony, in violation of § 45-6-204(2)(b), MCA, and unlawful restraint, a misdemeanor, in violation of § 45-5-301, MCA. We affirm.
¶2 We review the following issue on appeal:
¶3 Did the District Court abuse its discretion when it denied Norquay’s motion for a mistrial based on the selection of the jury panel ?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 The State charged Norquay with aggravated burglary, assault, and kidnapping for Norquay’s role in a home invasion, assault on the homeowner, and abduction of the homeowner’s child. Norquay’s jury trial for these charges began in September 2008.
¶5 During voir dire on the first day of Norquay’s trial, counsel for Norquay raised a concern about the way in which the Cascade County Clerk of Court (Clerk) had selected the jury panel. The panel had been drawn from the list of registered voters. Counsel argued that, due to a recent change in the law, Norquay was entitled to a jury panel drawn from a list that included licensed drivers, as well as those registered to vote. See § 61-5-127(1), MCA (2007). He maintained that the law concerning jury panel selection had changed in May 2008, and that Cascade County had not complied with the revised law. Counsel subsequently moved for a mistrial based on the fact that the jury panel excluded potential jurors who held driver’s licenses but were not registered to vote.
¶6 The District Court asked the Clerk to testify about the selection process. The Clerk testified that the panel for Norquay’s trial had been pulled from a list of registered voters. She stated that she had received a combined list of registered voters and licensed drivers from the Secretary of State’s Office in May 2008, as required by the new law. She did not download the list into her computer system immediately, however. Instead, she contacted the Supreme Court Administrator’s Office for technical assistance. A representative from the Administrator’s Office advised the Clerk not to download the combined list until November because Cascade County starts the jury selection process anew in November of each year. The jury term begins the following March and runs for one year.
¶7 The Clerk testified that she had discussed this matter further with the Administrator’s Office and was told that the new law only required that the Secretary of State’s Office release the new list in May 2008, and that the law did not mandate that county clerks start using *115 the new list at any specific time. The Clerk testified that it was her plan to use the new list to form jury panels for the annual jury term beginning in March 2009.
¶8 The Clerk further testified that it takes her anywhere from three to four months to send out jury notices and questionnaires, process the information returned to her office, and complete the preparations required for the new jury term beginning in March. She acknowledged that other counties start their jury terms at different times and that some other counties might have started using the list already.
¶9 The District Court subsequently issued an oral ruling denying Norquay’s motion for a mistrial. The court examined § 61-5-127(1), MCA, which provides that the Department of Justice “shall submit to the secretary of state a list, prepared from the department’s databases of licensed drivers and holders of Montana identification cards, showing the name, address, and date of birth of all licensed drivers and holders of Montana identification cards.” The last sentence of the statute states that “[t]he list must be provided for the exclusive purpose of making a list of persons to serve as trial jurors for the ensuing year.” (Emphasis added.)
¶10 Moreover, under § 3-15-402, MCA, the Secretary of State “shall select from the most recent list of all registered electors and make a list of the names of all persons qualified to serve as trial jurors.” The Secretary of State must then combine this list with the list compiled pursuant to § 61-5-127(1), MCA, and deliver it to the Clerk on or before the first Monday in May. See § 3-15-403, MCA.
¶11 The court concluded that the “Legislature intended, and the express language of the current law provides, that the first combined jury list would be provided to the Clerks of Court by the Secretary of State, on or before the first Monday of May [2008].” The court determined that “the Clerk would use the combined list that it received, for the first time in May of 2008, to prepare a Jury Panel from the combined list for the ensuing year, which in this case would [be] calendar year 2009.” In essence, the District Court concluded that while the Secretary of State was required to deliver the combined list to the Clerk in May 2008, the Clerk was not required to use the list until she compiled the jury panel list for the 2009 annual jury term. The court stated that “the effect of this is, is [sic] that the Legislature has built into this process, essentially, a six-month advance period for the Clerk of Court to receive the list from the Secretary of state in May of each year, process that list and prepare it to be implemented for the ensuing calendar year starting in January.” According to the court, *116 therefore, “ensuing year” meant ensuing calendar year.
¶12 Norquay’s jury trial proceeded after the District Court had denied his motion for a mistrial. The assault charge was dismissed. The jury ultimately found Norquay guilty of aggravated burglary and unlawful restraint. Norquay appeals.
STANDARD OF REVIEW
¶13 A district court’s decision on a motion for a mistrial must be based upon whether the party has been denied a fair and impartial trial, and the decision on the motion is reviewed to determine whether the court abused its discretion. State v. White, 2008 MT 129, ¶ 8, 343 Mont. 66, 184 P.3d 1008 (citing State v. Dubois, 2006 MT 89, ¶ 33, 332 Mont. 44, 134 P.3d 82).
¶14 We observe that Norquay lists two applicable standards of review. He states that “[t]he standard of review for denial of a motion for a mistrial is whether there is clear and convincing evidence that the district comb’s ruling is erroneous.” His next paragraph, however, begins with the statement: “A district court’s grant or denial of a motion for a mistrial is reviewed for an abuse of discretion.” We concluded in State v. Partin, 287 Mont. 12, 951 P.2d 1002 (1997), that we will review a district court’s ruling on a motion for a mistrial to determine whether the court abused its discretion. Partin, 287 Mont. at 17-18, 951 P.2d at 1005. The “clear and convincing evidence” standard is not the proper standard for this Court’s review of a district court’s ruling on a motion for a mistrial.
DISCUSSION
¶15 Did the District Court abuse its discretion when it denied Norquay’s motion for a mistrial based on the selection of the jury panel ?
¶16 Norquay argues on appeal that the District Court erred in interpreting references to “ensuing year” in the applicable statutory scheme to mean ensuing calendar year. Norquay contends that “[n]owhere in the statutes concerning jury selection does it state ‘ensuing year’ means ‘ensuing calendar year’ as concluded by the district court.” Norquay maintains that earlier versions of the statutes support the position that ensuing year means “beginning in June.”
¶17 According to Norquay, therefore, the Clerk failed to substantially comply with the statutes governing jury selection. “That the clerk’s office did not even attempt to follow the law is more than a mere technical irregularity and evades the substantial compliance standard.” Norquay directs our attention to State v. LaMere, 2000 MT *117 45, ¶ 57, 298 Mont. 358, 2 P.3d 204 (“A substantial failure to comply encompasses a statutory violation that affects the ‘random nature or objectivity of the selection process.’ ” (quoting United States v. Kennedy, 548 F.2d 608, 612 (5th Cir. 1977))), and argues that the Clerk’s error in selecting Norquay’s jury panel constitutes structural error. Norquay maintains that he did not receive a “fair and impartial trial or jury panel.” He asks this Court to reverse the District Court’s order denying his motion for a mistrial.
¶18 We agree with the parties and the District Court that the dispositive issue in this case is what is meant by the term “ensuing year.” Section 61-5-127(1), MCA, states that the compiled list “must be provided for the exclusive purpose of making a list of persons to serve as trial jurors for the ensuing year.” (Emphasis added.) The statutory scheme does not define the term “ensuing year.”
¶19 The burden to demonstrate an abuse of discretion is on the party seeking reversal of an unfavorable ruling. State v. Devlin, 2009 MT 18, ¶ 15, 349 Mont. 67, 201 P.3d 791 (citing State v. Price, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45). We observe that where a statute does not define a key term, and where that key term is subject to two different plausible interpretations, the defendant carries a heavy burden to demonstrate that the District Court abused its discretion. Cf. State v. McCarthy, 2004 MT 312, ¶ 41, 324 Mont. 1, 101 P.3d 288 (“A district court’s determination of whether to grant a motion for a mistrial must be based on whether the defendant has been denied a fair and impartial trial.” (Emphasis added.)).
¶20 We interpret a statute by looking first to the statute’s plain language, and if the language is clear and unambiguous, no further interpretation is required. See State v. Johnston, 2008 MT 318, ¶ 26, 346 Mont. 93, 193 P.3d 925. The State maintains that the District Court reasonably viewed “ensuing year” as meaning the following calendar year. Norquay argues that the term means “beginning in June.” We conclude that the plain meaning of the term “ensuing year” is broad enough to encompass either the State’s or Norquay’s proffered interpretations.
¶21 We also observe that the record reflects that counties across the state begin their annual jury terms at different times of the year. The Clerk testified that she had “been advised they’re all different.” She had previously attended the Clerk’s Convention and “some of [the counties] were discussing the problems they were having with” the combined jury list. She testified that some counties were using the combined list in June and some, like Cascade County, were not.
*118 ¶22 Having carefully reviewed the record in this case, the District Court’s order, and the briefs of both parties, we conclude that the District Court did not abuse its discretion in denying Norquay’s motion for a mistrial. The term “ensuing year” is ambiguous, and Norquay has failed to carry his burden to demonstrate that the District Court abused its discretion in interpreting the statutory scheme at issue and in denying his motion for a mistrial.
CONCLUSION
¶23 The District Court did not abuse its discretion when it denied Norquay’s motion for a mistrial based on the manner of selection of the jury panel.
¶24 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES LEAPHART, MORRIS, WHEAT and RICE concur.